■ In the Matter of the Claim of RICHARD CASA, Respondent, v. GENESCO INC. (I. Miller & Sons, Co. Division) Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* The board found " that claimant sustained an accidental injury to his back * * * upon bending and lifting a rack of shoes weighing over 100 lbs. and that the disability * * * is causally related thereto." Claimant's testimony, although in part corroborated by that of a coemployee, contained contradictions and inconsistencies but its weight and credibility were for the board and we cannot say that, as a matter of law, the lay evidence that the board chose to accept was either incredible or insubstantial. The medical reports and the testimony of claimant's attending physician were sufficient to establish causal relationship. The employer's expert conceded that upon the basis of the history given by claimant a diagnosis of sacroiliac sprain or strain was " reasonable" and that such an incident " can" light up or render symptomatic an underlying osteoarthritic condition, but that in this case he " didn't find enough arthritis to assume that." Upon cross-examination, the attending physician, who had testified to causality, temporized somewhat and was led to agree with the cross-examiner as to possibilities other than the opinion of causal relation which he had expressed and which he subsequently reiterated. The medical proof, weakened as it may have been, met at least the minimal standards imposed by the familiar authorities and we find it sufficiently substantial to bring the case within the area of decision committed to the board. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur; Herlihy, J., dissents, in the following memorandum: Taking into consideration that the Workmen's Compensation

Law should be liberally interpreted, of necessity there must be a distinct line of demarcation as to what medical testimony will constitute substantial evidence in establishing causal relationship. I find no basis in the present record for the board's statement that the claimant's doctor found that although the complaints of the claimant were in different areas of the back "they were causally related to the original sacroiliac strain by way of aggravation of an underlying osteoarthritis of the lumbar spine". An analysis of this doctor's testimony indicates to the contrary and his qualified and indefinite opinion was not based upon a hypothetical question, but speculation and surmise. He did not examine X rays of the claimant's back as did the carrier's doctor. His testimony does not reach the minimal, as outlined in *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414). In fact, it is not as probative as the medical testimony in *Matter of Falconer* v. *Proto Tool Co.* (19 A D 2d 926) where we reversed. The record here does not sustain the decision of the board. I vote to reverse and dismiss the claim.